UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ALLEN CARY,

    Plaintiff,

v.                           Case Number 2:24-CV-10411
                             HONORABLE NANCY G. EDMUNDS
                             UNITED STATES DISTRICT JUDGE

TESKE,

    Defendant,
_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT**

This matter is before the Court on plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff Cary is an inmate confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Upon review of the case and Mr. Cary's litigation history in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff Cary failed to provide the $350.00 filing fee, plus a $ 52.00 administrative fee, when he filed his complaint.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. §

1915(a), allows prisoners the opportunity to make a "downpayment" of a partial filing fee and then pay the remaining fee in installments. *See Boussum v. Washington,* 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023); *reconsideration denied,* 655 F. Supp. 3d 636 (E.D. Mich. 2023).

A review of federal court records indicates that Plaintiff Cary has at least three prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Cary v. Losacco*, No. 18-cv-11396 (E.D. Mich. July 11, 2018); *Cary v. McCaul*, No. 1:18-cv-00652 (W.D. Mich. Aug. 15, 2018); *Cary v. Eaton*, No. 11-cv-13151 (E.D. Mich. Oct. 17, 2011). Mr. Cary also is on notice that he is a three-striker, having had at least twelve cases dismissed under 28 U.S.C. §1915(g). *See Cary v. Henry Ford Allegiance Hospital,* No. 2:23-cv-13194 (E.D. Mich. Jan. 4, 2024); *Cary v. Farris,* No. 22-cv-12136, 2022 WL 10145635 (E.D. Mich. Oct. 17, 2022); *Cary v. Loxton,* No. 2:22-cv-10854, 2022 WL 1670101 (E.D. Mich. May 25, 2022); *Cary v. Ali,* 22-cv-10348 (E.D. Mich. May 9, 2022); *Cary v. Ali*, No. 2:21-cv-13044, 2022 WL 71776 (E.D. Mich. Jan. 6, 2022); *Cary v. Dalton,* 21-cv-13047 (E.D. Mich. Jan. 12, 2022); *Cary v. Allen*, No. 2:21-cv-10415, 2021 WL 1165498 (E.D. Mich. Mar. 26, 2021); *Cary v. Parole Board, Et. Al.,* No. 19-cv-12634, 2019 WL 10754111 (E.D. Mich. Nov. 18, 2019); *Cary v. Pavitt*, No. 2:19-cv-13397, 2019 WL 7020352 (E.D. Mich. Dec. 20, 2019); *Cary v. Allen*, No. 19-cv-13416, 2019 WL 6776030 (E.D. Mich. Dec. 12, 2019); *Cary v. Peterson*, No. 19-cv-13393, 2019 WL 6339843 (E.D. Mich. Nov. 27, 2019); *Cary v. McCumber-Hemry*, No. 17-cv-12842 (E.D. Mich. July 12, 2018).

Under the PLRA, a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540

(E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539. A federal court is permitted to take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x 483, 485-86 (6th Cir. 2005).

Plaintiff Cary has had at least three prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. In addition, Cary has subsequently been informed at least twelve times that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these prior dismissals.

Plaintiff Cary in his complaint alleges that several "STGs" have put "hits" out on him because prison staff told inmates that he is a "pedophile" and a "snitch." Plaintiff claims he has been assaulted by another inmate. He also alleges that prison staff forced him to assault another inmate. Plaintiff allegedly told the defendant, a prison inspector, about these threats and assaults. Plaintiff claims the defendant is trying to get other inmates to attack him. Plaintiff offers no documentation in support of this claim.

Mr. Cary has several times in the past alleged that either he or his fiancée or various family members have been physically or sexually assaulted or threatened in an attempt to invoke the imminent danger exception to § 1915(g). Other judges have already rejected these allegations as being conclusory, unsupported, or fanciful. *See Cary v. Ali,* No. 22-cv-10348, * 1, 3 (plaintiff's vague allegations that he was still being attacked after defendant allegedly informed

3

other inmates that the plaintiff was a snitch, a homosexual, and a member of a gang insufficient to invoke the imminent danger exception); *Cary v. Allen*, 2021 WL 1165498, at * 2 (plaintiff's allegations that the defendants were deliberately indifferent to the threats against him and failed to protect him while he was out of prison and on parole from January to May 2019 failed to satisfy the "imminent danger" exception); *Cary v. Allen*, 2019 WL 6776030, at * 1 (Plaintiff's allegation that "I'm scared to state the deal I made with [Defendant] Dungy because I don't want my loved ones hurt[.]" insufficient to invoke the imminent danger exception).

Mr. Cary's allegations of imminent danger are once again completely unsupported by any evidentiary material and are once again nothing more than "a thinly veiled rehashing" of similar claims made by Plaintiff Cary in prior lawsuits and thus do not come within the imminent danger exception to the three strikes rule. *See Chance v. Tennessee,* 47 F. App'x 762, 763 (6th Cir. 2002).

Plaintiff Cary's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff Cary may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Since Mr. Cary has had three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

**ORDER**

IT IS HEREBY **ORDERED** that Plaintiff Cary's *in forma pauperis* status is **DENIED** and the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER **ORDERED** AND CERTIFIED that any appeal taken by the plaintiff would not be done in good faith.

                                              s/ Nancy G. Edmunds
                                              HON. NANCY G. EDMUNDS
                                              UNITED STATES DISTRICT JUDGE

Dated: February 22, 2024